

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Dear Sirs:

Opinion No. O-3256
Re: Authority of the Railroad
Commission in connection
with the application of
T. M. McCrary, d b a Elite
Truck Line, for a common
carrier certificate.

We received your letter dated February 27, 1941,
which reads in part as follows:

"This has reference to Cause No. 8824 in
the Court of Civil Appeals for the Third Su-
preme Judicial District of Texas at Austin,
styled Sunset Truck Lines, Inc., et al, vs.
Railroad Commission of Texas, et al, involving
a motor vehicle application by one McCrary, do-
ing business as Elite Truck Line.

"    *    *    *

"Following the conclusion of said litiga-
tion this Commission held a further hearing in
the Elite case in accordance with what we con-
ceived to be required by the decisions in the
said cause.

"At the completion of the latter hearing the
application involved in said litigation was denied
in toto.

Later, the applicant, in cooperation with
the Alamo Freight Lines, represented to the Com-
mission that a settlement and compromise arrange-
ment had been worked out between them, on the one

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Railroad Commission of Texas, Page 2

hand, and their opponents in the aforesaid litigation, on the other hand, whereby a motion for rehearing would be filed addressed to the order denying the application in toto in which said motion and in connection therewith there would be a disclaimer as to all parts of the application to which there was any opposition or protest; and that, if the Commission was willing, the motion for rehearing, as to the uncontested part, could be granted and, as to that part, a certificate could be issued; and that then the Alamo Freight Lines would take over the Elite, operated by McCrary, and pay off certain C.O.D. claims which were being asserted against McCrary and which remained unpaid and about which severe complaints were being lodged with this Commission,--it being represented to this Commission that, in connection with this motion for rehearing and disclaimer and the possible issuance of a certificate as to what was represented to be the uncontested portion of the proposed route, there was no protest or objection from anyone and that the matter had been agreed upon as a compromise and settlement.

"This motion and disclaimer was filed, or, for the purposes of this opinion, you may assume that it was filed, within the twenty days next following the entry of the order of denial following the hearing subsequent to the conclusion of the aforesaid litigation.

"This motion and disclaimer was set down for hearing before one of the Commissioner's examiners, whereupon it developed that Sunset Truck Lines had not, in fact, agreed to any such procedure or, at least, claimed that they never did agree to any such procedure; and they entered their appearance as protestants and have vigorously protested the procedure, both on the facts and the law, claiming, among other things, that

this Commission has no power or authority to hold a series of rehearings; and that, when the motion and disclaimer was filed, there was, in fact and in law, a new application which was not in the form or in the substance required by the statute; and that this Commission had no power to hear the matter or to decide and dispose of the matter.

"The examiner heard the motion and disclaimer and recommended to the Commission that the motion be granted and that a certificate be issued as to the so-called uncontested portion of the route,--all over the protest of Sunset Truck Lines, Inc.

## Question

"Did the Commission have the power and authority to hear and dispose of the so-called motion and disclaimer and the power and authority to decide and dispose of the same and to issue the certificate as to the so-called uncontested portion; or was the order of denial following the hearing which was held subsequent to the conclusion of the litigation final and conclusive in such fashion that no further procedure could be held in this cause?

## Question

"Would a certificate issued pursuant to the hearing which was held by this Commission subsequent to the conclusion of the aforesaid litigation over the protest of Sunset Truck Lines, Inc., et al, be a valid certificate or a void certificate or a voidable certificate?"

The early history of the application in question is set out in the case of Sunset Truck Lines, Inc., v. Rail-

Railroad Commission of Texas, Page 4

road Commission et al, 134 S. W. (2d) 373. As we understand the facts, the Railroad Commission, as a result of the above decision, held a further hearing on said application. On the basis of said hearing, the Railroad Commission entered an order on February 20, 1940, denying the application for a common carrier certificate. We further understand that the applicant filed a motion for a rehearing and also filed a disclaimer as to some of the routes as set out in the application. Your letter states that we may assume that the motion for rehearing and the disclaimer was filed with the Railroad Commission within twenty (20) days following the entry of the order denying the application. Subsequently, it appears that the Railroad Commission did grant a motion for a rehearing.

We are of the opinion that the Railroad Commission did have the power and authority, under the facts set out herein, to hear and dispose of the motion for a rehearing. This is based upon a rule of the Commission giving interested parties twenty (20) days after the entry of an order to file a motion for a rehearing. In the case of Sproles Motor Freight Line, Inc., et al v. Smith et al, 130 S. W. (2d) 1087 (writ refused), the Court said:

"   . . . . Even without the recital above quoted in the order here involved, the Commission under its own rules giving interested parties 20 days after the entry of such an order within which to file a motion for rehearing, could have retained jurisdiction over the subject matter of its order to the extent of hearing such motion. This rule of the Commission is set out in Smith v. Wald Transfer & Storage C., Tex. Civ. App., 97 S. W. (2d) 991, 993, and need not be repeated here. Such a rule is manifestly not unreasonable, is fair to all parties concerned, and affords the Commission an opportunity upon a proper showing to correct any errors or mistakes it may have made in its original order . . .  "

It follows that if the Commission had the authority to consider a motion for a rehearing, the order entered on February 20, 1940, was not final so as to preclude further action by the Commission.

We do not believe that the question of a purported compromise has any bearing on the questions herein involved. If, under the law and facts, the applicant was entitled to have his certificate granted, no purported agreement or compromise would invalidate said certificate. Neither would an agreement or compromise between the applicant and other interested parties validate a certificate which was otherwise void.

We are unable to determine whether or not the Commission had the authority or power to issue a certificate based upon the application in question. Further, we cannot determine whether such certificate would be voidable, void or valid. The answers to these questions depend upon many fact issues which we can neither anticipate nor determine.

                              Yours very truly

                        ATTORNEY GENERAL OF TEXAS

                  By          Lee Shoptaw

                                  Lee Shoptaw
                                  Assistant

LS:ej

                    APPROVED MAR 21, 1941

                    Gerald C. Mann

                    ATTORNEY GENERAL OF TEXAS

